IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ROBERT DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00119-M-BP |
| | § | |
| SAFECO INSURANCE CO. | § | |
| OF INDIANA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Opposed Motion to Remand filed September 15, 2020. ECF No. 7. Chief United States District Judge Barbara M. G. Lynn referred this case to the undersigned for pretrial management on September 16, 2020. ECF No. 10. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** the Plaintiff's Opposed Motion to Remand.

### BACKGROUND

As reflected in his Original Petition filed in state court, Plaintiff, Robert Duncan ("Duncan"), is the named insured under an insurance policy issued by Defendant Safeco Insurance Co. of Indiana ("Safeco"). ECF No. 1-2 at 3. During the term of the policy, a windstorm damaged Duncan's insured property, and Duncan filed a claim with Safeco for the damages. *Id.*

Safeco assigned Defendant Amanda Bentley ("Bentley") as the adjuster on the claim. *Id.* at 3. Duncan alleges that Bentley performed a substandard inspection of his property. *Id.* at 4. He further asserts that Bentley "conducted an outcome-oriented investigation and under-scoped [his]

damages in order to allow Safeco to avoid full payment on the claim." *Id.* Safeco denied Duncan's claim and refused to pay the damages to which Duncan alleges he was entitled. *Id.*

Duncan filed his Original Petition in the 97th Judicial District Court of Archer County, Texas, against Safeco and Bentley on August 17, 2020. *Id.* at 2. On September 15, 2020, Safeco timely removed the case to this Court based on diversity jurisdiction, alleging that it accepted all responsibility for Bentley's actions, and therefore she is not a proper party under Texas Insurance Code sections 542A.001 and 542A.006. ECF No. 1 at 2. Arguing that Bentley was properly joined at the time of removal, Duncan filed a motion to remand the case to state court on the same day it was removed. ECF No. 7. Safeco is not a citizen of Texas. ECF No. 1 at 2. Duncan and Bentley are both citizens of Texas for purposes of diversity jurisdiction, and thus the Court would lack subject-matter jurisdiction if Bentley were properly joined. ECF No. 1-2 at 2-3.

Safeco and Bentley did not file a response to the Motion. They did file a Motion to Dismiss Bentley under the sections of the Insurance Code noted above. ECF No. 3. Based on the agreement of counsel, the Court extended the deadline for Duncan to respond to Defendants' Motion until the Court ruled on Duncan's Motion to Remand. Also pending are Defendants' Motion to Compel Mediation and Motion to Abate (ECF No. 14) and Duncan's Response to those motions (ECF No. 17).

For the reasons stated below, this case should be remanded because the voluntary-involuntary act rule applies, Safeco cannot unilaterally create diversity of the parties by its action following removal, and Duncan has stated a claim against Bentley. Thus, this Court lacks subject-matter jurisdiction over the case, and Chief Judge Lynn should remand it to the state court where it originated.

**LEGAL STANDARDS**

**I.      Removal Jurisdiction**

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. The Defendants removed this case on the basis of diversity of citizenship under 28 U.S.C. § 1332. *See* ECF No. 1 at ¶ 6. A district court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. § 1441(b). "[A]ny doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). This is so because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

**II.     Improper Joinder**

The purpose of an improper joinder inquiry is to determine whether the federal court has jurisdiction over a removed case with an in-state defendant as a party. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Id.* at 199. However, if the defendant is properly joined, the federal court has no jurisdiction over the case and must remand it. *Id.* at 209; *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

At issue in this case is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against

an in-state defendant." *Id.* at 573. The burden is on the defendant seeking removal to demonstrate that the district court has no reasonable basis to predict that the plaintiff might be able to recover against the nondiverse defendant. *Id.* To determine whether a reasonable basis exists, a court must apply the federal pleading standard and either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures*, 818 F.3d at 207-08 (quoting *Smallwood*, 358 F.3d at 573). This requires the plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573.

## ANALYSIS

Duncan moves to remand this action to state court, arguing that Bentley was properly joined when the case was removed and that Safeco's acceptance of liability for her actions did not create diversity because it came after the suit began. ECF No. 7. Defendants did not respond to his Motion, but presumably argue that the Court has jurisdiction because Safeco accepted liability for Bentley's actions pursuant to sections 542A.001 and 542A.006 of the Texas Insurance Code. ECF No. 1 at 2.

I.  **The voluntary-involuntary act rule requires remand.**

As Judge O'Connor wrote in a similar case, "[t]he primary question 'is whether an action non-removable when commenced due to lack of complete diversity among the parties, becomes removable based solely on a diverse insurer's election to accept complete liability for a nondiverse adjuster.'" *Barnes Burk Self Storage, LLC v. United Fire & Cas. Co.*, No. 7:19-cv-00015-O, slip

4

op. at 2 (N.D. Tex. May 23, 2019) (quoting *Stephens v. Safeco Ins. Co. of Ind.*, No. 4:18-cv-00595, 2019 WL 109395, at *1 (E.D. Tex. Jan. 4, 2019)). In answering "no," Judge O'Connor followed the majority of federal courts in Texas that have considered the issue and applied the voluntary-involuntary act rule to determine whether remand was required. Since then, other judges in this Court have recognized the majority interpretation as well. *See Stowell v. United Prop. & Cas. Ins. Co.*, No. 3-20-cv-0527-B, 2020 WL 3270709 (N.D. Tex. June 16, 2020) (Boyle, J.) (collecting cases); *see also Barnes Burk Self Storage, LLC v. United Fire & Cas. Co.*, No. 7:19-cv-00099-M, (N.D. Tex. Dec. 12, 2019) (Lynn, C.J.) (applying exception to voluntary-involuntary act rule established in *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019)).

The voluntary-involuntary act rule provides that "a case nonremovable on the initial pleadings may become removable only pursuant to a voluntary act of plaintiff." *Stephens*, 2019 WL 109395, at *3 (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967); *Whitcomb v. Smithson*, 175 U.S. 635 (1900); *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898)). The Fifth Circuit applied the rule in *Weems*, holding that "an action commenced in state court against a non-diverse defendant and a diverse defendant—nonremovable to federal court when commenced due to lack of diversity of citizenship—could not thereafter be removed when the non-diverse defendant was dismissed by means of a directed verdict." 380 F.2d at 548.

More recently, in *Stephens*, Judge Mazzant in the Eastern District of Texas applied the rule in another case involving Safeco where it accepted responsibility for the actions of an in-state adjuster under the Texas Insurance Code after the case began. 2019 WL 109395. In determining that remand was required, Judge Mazzant wrote that the "[insurer's] election and [adjuster's] dismissal are undoubtedly involuntary acts of [Plaintiff]." *Id.* at *3. As a result, remand was proper since diversity arose through the act of the diverse defendant, not the voluntary act of the plaintiff.

Similar facts are present here. Safeco accepted responsibility for Bentley's actions under sections 542A.001 and 542A.006 of the Texas Insurance Code after Duncan filed his suit in state court. Safeco has moved to dismiss Bentley as provided in those articles, but that motion remains on file pending disposition of Duncan's Motion to Remand. None of the actions directed toward the dismissal of Bentley from the case resulted from Duncan's actions. Because the case has not "become removable only pursuant to a voluntary act of plaintiff," this case should be remanded to state court, unless some other reasons make remand improper. *Stephens*, 2019 WL 109395, at *3.

**II.     Bentley was not improperly joined.**

Although Safeco did not file a response to Duncan's Motion, the undersigned considers whether the case should remain in this Court due to improper joinder of Bentley or insufficient pleadings against her. Any argument that Safeco would make for improper joinder would necessarily assert that Duncan cannot recover against Bentley due to Safeco's acceptance of responsibility under articles 542A.001 and 542A.006 of the Insurance Code. However, a party that is properly joined when the case begins cannot on these facts become improperly joined thereafter. As Judge O'Connor wrote in the first *Barnes Burk* case, "[i]mproper joinder is not retroactive at [d]efendant's discretion." No. 7:19-cv-00015-O, slip op. at 7.

**III.    Duncan's pleadings against Bentley are sufficient.**

Under a Rule 12(b)(6)-type analysis, Duncan has pleaded claims that "have a reasonable basis of recovery under state law" against Bentley. *Smallwood*, 385 F.3d at 573.  "Texas law clearly authorizes [Texas Insurance Code § 541] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998)); *see also* Tex. Ins. Code § 541.002(2) ("'Person' means an individual . . . engaged in the business of insurance,

including an agent, broker, *adjuster*, or life and health insurance counselor." (emphasis added)). However, Texas district courts do not agree on which provisions of the Texas Insurance Code provide a cause of action against adjusters. Order Granting Motion to Remand at 5, *Jean Pierre d/b/a Campo Verde Square v. Zurich Am. Ins. Co. and Bernard Nguyen Dang*, No. 4:16-cv-00824-O (N.D. Tex. Dec. 22, 2016) (O'Connor, J.).

A number of Texas courts have concluded that an insurance adjuster may be held personally liable for at least some provisions of the Texas Insurance Code. *E.g. Gasch*, 491 F.3d at 282 (noting general individual adjuster liability under Section 541.060); *Roach v. Vehicle*, 3:15-cv-3228-G, 2016 WL 795967, at *4–5 (N.D. Tex. Feb. 29, 2016) (Fish, J.) (holding individual adjuster liability is possible under Section 541.060(a)(2)); *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 740 (S.D. Tex. 2010) ("Under the (here applicable) Rule 12(b)(6) standard, the plaintiff only needs to allege that [the insurance adjusters] personally took some action that violated the Insurance Code, as opposed to acting in an individual capacity, as argued by the defendants."); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-cv-0741-M, 2013 WL 6065414, at *2–3 (N.D. Tex. Nov. 18, 2013) (Lynn, C.J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-cv-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.).

Other judges, however, have held that Section 541.060(a)(2) does not apply to insurance adjusters personally. *E.g. Messersmith v. Nationwide Mutual Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, 3:17-cv-0636-D, 2017 WL 2378298, at *4 (N.D. Tex. June 1, 2017) (Fitzwater, J.);

*Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-cv-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, J.).

In particular, some courts have held that an adjuster cannot be liable for violating those provisions of the Texas Insurance Code that refer to the settlement or payment of claims, particularly Subsection 541.060(a)(2), as adjusters do not have settlement authority on behalf of the insurance company. *E.g. Messersmith*, 10 F. Supp. 3d at 724. Courts on the other side hold that insurance adjusters have primary responsibility for inspecting damaged property and evaluating claims, and thus, relevant to Subsection 541.060(a)(2), "unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based." *Denley Group*, 2015 WL 5836226, at *4.

Because there is a split in authority and the Court can reasonably read the Texas Insurance Code to apply to individual adjusters, the undersigned concludes that remand is proper if Duncan has pleaded a viable claim against Bentley. *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand.").

In his Original Petition, Duncan alleges that Safeco and Bentley "completely mishandled [his] claims and caused [him] further and additional damages." ECF 1-2 at 4. He asserts that they "failed to conduct a full, fair, prompt and reasonable investigation of [his] covered damages" and "conducted an outcome-oriented investigation and under-scoped [his] damages in order to allow Safeco to avoid full payment on the claim." *Id.* He claims that Bentley "made material misrepresentations about Policy provisions, coverage and the law in Texas applying thereto." *Id.* He further asserts that Bentley violated Insurance Code §§ 542.003(b)(5) and 541.060 in the course

8

of adjusting the claim. ECF No. 1-2 at 6-9. Finally, he also argues that she conspired with Safeco to underpay his claim. *Id.* at 9-11.

Duncan's allegations of inadequate investigation and improper claims handling provide a reasonable basis for concluding that Duncan might recover against Bentley for failing to effectuate a fair settlement of the claim and thereby constitute a sufficient pleading to survive dismissal under Rule 12(b)(6). *See Smallwood*, 385 F.3d at 573 (requiring a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant"). Because Duncan has pleaded an adequate claim against Bentley under Rule 12(b)(6), Bentley was properly joined, and remand is proper.

The undersigned therefore **RECOMMENDS** that Chief Judge Lynn **GRANT** Plaintiff's Opposed Motion to Remand (ECF No. 7) and **REMAND** this case to the 97th Judicial District Court of Archer County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** October 30, 2020.

                                                                                                          _____
                                                                                                          Hal R. Ray, Jr.
                                                                                                          UNITED STATES MAGISTRATE JUDGE